**LAW OFFICE OF MICHAEL J. FATTA, PLLC**
18001 North 79th Avenue, Suite B-40
Glendale, Arizona 85308
Telephone: (623) 486-0080
Facsimile : (623) 486-8225

Michael J. Fatta, (#020817)
Attorney for Debtor(s)

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

In re: ) Case No: 2:09-bk-20360-CGC
 )
JESUS PALMERIN and MARIA C. PALMERIN, )
 ) CHAPTER 13 PLAN AND APPLICATION FOR
 Debtor(s), ) PAYMENT OF ADMINISTRATIVE EXPENSE
 )
 )

> **Creditors will be paid as set forth in this Plan, regardless of the secured amount claimed in any proof of claim on file with the Court. If an objection to the treatment provided for in this Plan, is not timely filed by a secured creditor, that creditor is deemed to have accepted the treatment of its claim under the Plan and the amount set forth in the Plan to be paid in its secured claim. This Plan, once confirmed by the Court, is binding on all claimants as to the treatment of their claims. 11 U.S.C. §§1325(a)(5)(A) and 1327.**

The debtor proposed the following **ORIGINAL** Chapter 13 Plan:

### 1. PROPERTY AND INCOME SUBMITTED TO THE PLAN

The debtors shall submit the following amounts of property and future income to the Trustee for distribution under the Plan.

 **a. Future Earnings or Income:**

Debtors shall pay **$340.00** per month to the Trustee on or before the 22nd day of each month, commencing on **September 22, 2008** and continuing on the 22nd day of each month for 60 months.

 **b. Other Property:**

If any other property is submitted to the Trustee for distribution to creditors or administrative expenses, the value of such property shall be treated as advance payments toward Plan payments described in section 1.a. above.

1

**2.      DURATION**

This Plan shall continue for **56 months** from the date of the first payment. If at any time before the end of this period, all claims are paid, the Plan shall terminate. With the exception of a hardship discharge which may be found by the Court, in no event shall the Plan be less than 36 months unless all creditors receive the full value of their allowed claims.

**3.      CLASSIFICATION AND TREATMENT OF CLAIMS**

Claims shall be classified and paid in the order listed below. Payments by the Trustee will be made only to those parties that have submitted a Fee Application or a Proof of Claim. The Trustee will accumulate (in trust) the payments described in section 1. Payments by the Trustee will commence only upon confirmation of the Plan or upon specific order of the Court shall be required to begin within a reasonable period of time following such confirmation by the Court.

   **a.      Administrative Expenses:**

   (1)     TRUSTEE'S FEES AND COSTS - In order to cover the cost of administration, the Trustee shall receive such percentage of each Plan payment as may be set and adjusted from time to time by the Attorney General pursuant to 28 U.S.C. § 586(e)(1)(B). Such percentage fee shall in no event exceed ten percent.

   (2)     DEBTORS' ATTORNEY'S FEES - A total of **$ 2,250.00** shall be paid to the Law Office of Michael J. Fatta, PLLC prior to commencement of payments to any claims listed hereafter. In the event this case should be dismissed or converted prior to confirmation (or prior to distribution if the case is technically confirmed), such administrative claim shall be paid from Plan payments prior to any other distribution, with the exception of any Trustee's fees or costs that may be awarded by the Court.

   **b.      Claims Secured by Real Property**

   (1)     LIEN RETENTION - The creditors scheduled in this section shall retain their security interest in any real property owned by the debtors and which properly secured the claim pre-petition.

   (2)     HOMESTEAD EXEMPTION - The debtors' homestead exemption in their residential real property and in any identifiable cash proceeds from the sale of their residential real property is allowed. Pursuant to A.R.S. Title 33 Section 1101, proceeds from the sale of the Debtors' homesteaded real property may be used in any manner and may be transferred, encumbered, or sold without further order of this Court upon the Trustee's approval. All identifiable cash proceeds from the sale of the Debtors' homesteaded real property shall become the sole property of the Debtors to the extend of the protected equity in such property.

   (3)     DIRECT PAYMENT OF REGULAR ONGOING MORTGAGE - Regardless of any arrearage listed below on real property mortgages, the debtors shall make regular monthly mortgage payments directly to the mortgage holder / creditor that come due post-petition. No payments shall be deemed late, and the agreement that is the basis for a claim shall not be deemed in default solely as a result of arrearages being cured under this Plan.
   (4)     PRE-PETITION MORTGAGE ARREARS - Pursuant to 11 U.S.C. § 1322(b)(5), the debtors shall cure pre-petition mortgage arrears through this Plan. Arrearages scheduled below

are estimates and include all unpaid pre-petition regular payments, late charges, attorney fees, and those costs actually incurred by the particular mortgage lender or assignee. The estimated arrearages listed below shall be adjusted to reflect the actual arrearage at the time of Plan confirmation. Such arrears shall be paid in full with the interest as required by applicable bankruptcy law pursuant to a properly filed Proof of Claim. All pre-petition mortgage arrears shall be paid prior to any other secured, unsecured, or priority debts. The estimated arrearages are as follows:

---

Creditor: New Century Mortgage Corp.    Amount Owed: $ 163,089.64

Asset: Residence    Market Value: $ 90,000.00

Security Interest Held: 1st D.O.T.    **Current Arrears: $ 14,042.00**

Address of Property:   15500 N. 136th Lane    Interest Rate: 0%  Per 11 U.S.C. § 1322(e)
                      Surprise, AZ 85374

---

Creditor: CitiMortgage    Amount Owed: $ 40,561.40

Asset: Residence    Market Value: $ 90,000.00

Security Interest Held: 2nd D.O.T.    **Current Arrears: $**

Address of Property:   15500 N. 136th Lane    Interest Rate: 0%  Per 11 U.S.C. § 1322(e)
                      Surprise, AZ 85374

\*  **Junior (2nd DOT) lienholder *CitiMortgage*, shall be declared an unsecured creditor through this proceeding, as the appraised value of the residence is less than the secured debt owed to the 1st DOT lienholder *EMC Mortgage* and shall be treated as a general unsecured claim to be discharged at the end of this proceeding, at which time its lien shall be declared void and released.**

---

    **c.**    **Direct Payments to Creditors:**
The following creditors shall be paid under the plan directly by the debtors for the purpose indicated and in the amount listed, at the interval stated:
**Regular monthly payments on First Mortgage to New Century Mortgage Corporation.**

    **d.**    **Claims Secured by Personal Property to be Retained by Debtors:**
(1)    LIEN RETENTION - The creditors listed below shall retain their security interest in the described collateral.

(2)    AMOUNT TO BE PAID - Creditors under this section shall be paid the lesser of the debt balance or the value of the property securing their claim. Payments to such creditors shall have a value as of confirmation of the Plan that is equal to the allowed secured claim using a discount rate of   N/A   % unless otherwise ordered by the Court.

(3)    UNSECURED TREATMENT OF CLAIMS - Any claims not specifically named in the Plan are presumed to be unsecured. Creditors claiming a secured status shall serve a copy of its Proof of Claim, proof of security, and an objection to the Plan upon Debtor's counsel as provided by Court order. In the absence of Court Order, the aforementioned documents shall serve a copy thereof upon debtor's counsel no later

3

than seven days prior to the first scheduled confirmation hearing date. If no objections and / or Proof of Claim is filed and served upon debtor's counsel as set forth above, such claims not specifically named below will be fully treated as "other unsecured claims" as defined in section 3.j. below..

    (4)    PROOFS OF CLAIM - Failure to file an accurate and timely proof of claim could have serious legal and economic consequences.

**i.** Those creditors with claims scheduled below that have been separated into secured and unsecured portions shall file a Proof of Claim with the Court that acknowledges the 11 U.S.C § 506 "split" of such claim. the failure to observe proper procedures will result in tan objection to the Proof of Claim and will necessitate the scheduling of a valuation hearing.

**ii.** The creditors scheduled below shall release all liens upon the collateral relating to the underlying debt listed upon payments by the Trustee (or the debtor or an insurance company) of all amounts allowed under 11 U.S.C. § 506(1) and pursuant to the Order confirming this Plan.

The creditors secured are as follows:

| Creditor: | Balance Owed: $ |
|---|---|
| Security: | Fair Market Value: $ |
| | **Paid as Secured: $** |
| | Paid as Unsecured: $ |
| Adequate Protection Payment: $ per month | Discount Rate: |

| Creditor: | Balance Owed: $ |
|---|---|
| Security: | Fair Market Value: $ |
| | **Paid as Secured: $** |
| | Paid as Unsecured: $ |
| Adequate Protection Payment: $ per month | Discount Rate: |

\* These Adequate Protection Payments are being provided to compensate the secured creditor for the depreciation of the collateral during the confirmation process pursuant to *United Savings Association of Texas vs. Timbers of Inwood Forest Associates Ltd.,* 108 S.Ct. 626, 629-630 (1988). These payments shall end upon confirmation as the terms of the Plan will then control. *In re Metz,* 67 B.R. 462, 467 (9th Cir.BAP 1986).

**e.**    **Secured Tax Claims:**
(1)    LIEN RETENTION - The following tax claims shall be treated as secured claims as noted and shall retain their lien in the property.

(2) PAYMENT ORDER - Such claims shall be paid *pro rata* with claims secured by personal property. Any balance listed as unsecured shall be paid as outlined in section 3.h. below.

(3) LIEN RELEASE - Tax agencies scheduled below shall formally release all liens filed against the debtors and their property once they have received the full amount of their allowed secured claim pursuant to the Order Confirming this Plan.

(4) DISCOUNT RATE - All claims allowed under 11 U.S.C. § 506 shall be paid in full by applying a discount rate of ___% on all unpaid and outstanding amounts.

| Tax Agency | Type of Tax | Tax Period | Amount Owed | Amount Unsecured | Amount Secured |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**f.  Priority Claims (other than taxes) and Administrative Expenses:**
The following priority claims shall be paid in full prior to the treatment of other claims listed hereafter.
    None

**g.  Priority Tax Claims:**
The claims scheduled below shall be entitled to priority treatment under the Plan pursuant to 11 U.S.C. §507(a)(8). As such, these claims shall be paid only the amount actually allowed, without the application of a discount rate for present value.

| Tax Agency | Type of Tax | Tax Period | Priority Amount Owed |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

All other tax claims shall share a *pro rata* distribution with those timely filed unsecured Proofs of Claim listed below. Any amounts not paid in full through the Plan shall be discharged. All tax liens filed against the debtors shall be against the debtors shall be released upon 11 U.S.C. § 1328(a) discharge.

| Tax Agency | Type of Tax | Tax Period | Priority Amount Owed |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**i.  Separate Class of Unsecured Creditors.**
The following unsecured creditors shall be paid prior to the payment of any amounts to the general class of unsecured creditors, including those listed in section 3.h. above.
    None

**j.     Other Unsecured Claims:**
(1)     PAYMENT OF OTHER UNSECURED CLAIMS - All other claims shall be classified as unsecured with any claims of security interest in property being avoided. The Trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely filed, the balance of all funds received from the debtors *pro rata* with all other claims in this class and section j. of the Plan. Such creditors are not entitled to interest on their claims.
(2)     DISCHARGE OF UNPAID UNSECURED CLAIMS - Upon successful completion of all plan payments, any amounts still unpaid to this class of creditors, shall be discharged.
(3)     AMOUNT TO BE PROVIDED CAN CHANGE - The amount to be provided to unsecured claims can change without notice by the time this plan is confirmed. if an unsecured claimant wishes ensure that its claim receive the same payout as provided by this plan, the claimant must enter its appearance in this proceeding and ask that it be a signatory on the Confirmation Order. An Objection to confirmation is necessary to preserve the treatment of the claim, should the proposed Confirmation Order change the treatment of unsecured claims as set forth herein.
(4)     THE BEST INTEREST OF THE CREDITORS TEST IS MET BY THIS PLAN - This Plan meets all the requirements of the *Code* (Title 11 U.S.C.) and achieves Chapter 7 reconciliation. The unsecured creditors will receive an amount equal to or more than they would have received under a Chapter 7 liquidation.

**4.     OBJECTIONS**
Any objection to this Plan by any creditor shall be filed with the Court and served upon Debtor's counsel as required by Court Order. In the absence of a Court Order, all objections shall be filed with the Court and served upon debtor's counsel at least 7 days or as per a specific Judge's set deadline, prior to date set by the Court for the first hearing on confirmation of the Plan.

**5.     EFFECTIVE DATE OF VESTING**
The effective date of the Plan shall be the date the Court enters the Order Confirming the Plan. Property of the estate shall not vest in the debtors until discharge or dismissal of the proceedings. 11 U.S.C. § 1327(b).

**6.     POST-PETITION CLAIMS**
Claims allowed for post-petition debts incurred by debtors, may be provided for as set forth in 11 U.S.C. § 1327(b).

**APPLICATION FOR ADMINISTRATIVE EXPENSE**

1.     The LAW OFFICE OF MICHAEL J. FATTA, PLLC has filed this Chapter 13 proceeding on behalf of the debtor. Debtor's counsel hereby files application for approval of administrative expense upon pursuant to 11 U.S.C. § 330. The LAW OFFICE OF MICHAEL J. FATTA, PLLC also claims a state charging lien upon all funds in the Trustee's possession for the payment of its administrative expenses pursuant to *In re Southwest Restaurant Systems, Inc.,* 607 F.2d 1243 (9th Cir. Ariz. 1979).

2.     The LAW OFFICE OF MICHAEL J. FATTA, PLLC has agreed to represent the debtors with regard to the Confirmation of their Chapter 13 Plan. This is the debtor's attorney's first fee application in this case.

3.     The debtors paid the sum of **$ 750.00** prior to the filing of the debtor's Chapter 13 Plan. Debtor's counsel requests fees and expenses in the amount of **$2,250.00** be approved pursuant to a court-approved fee application to be paid from funds collected by the Chapter 13 Trustee in the form of Plan payments.

4. Services rendered by the LAW OFFICE OF MICHAEL J. FATTA, PLLC include:
   (a) Attorney conference for the analysis of the debtor's financial position, advice and counsel regarding the application of 11 U.S.C. Chapter 7, 11, and 13.
   (b) Assistance with the processing of information necessary for the preparation of the official forms required by the Court, to be filed with a Chapter 13 Petition. The actual preparation of the debtor's Petition, Schedules A-J, Statement of Financial Affairs, Chapter 13 Plan, Master Mailing List, and all corresponding declarations
   (c) Document copying and mailing necessary for the noticing out of the Chapter 13 Plan to all interested parties.
   (d) Representation at the first meeting of creditors and all hearings on confirmation of the original Plan.
   (e) Client consultations, creditor negotiations and conferences, and representation as regarding the Chapter 13 Trustee and other interested parties.

5. Administrative fees and costs under this application are to be paid prior to all creditor claims as provided in 11 U.S.C. § 507 (a) (1). Fees requested in this application are not being shared. This Application represents only fees and costs incurred by debtor's counsel.

By signing below, the debtors acknowledge that they have read the foregoing Plan and approve its its content and reasonable likelihood of success. The debtors also acknowledge that they:

__JP__ __MCP__ Have filed all required state and federal tax returns.

_____ _____ Will file any unfiled returns within 60 days of today's date.

_____ _____ Understand that if self-employed, they must submit business operating statements to the Court and Trustee on a monthly basis.

_____ _____ Have adequate full-coverage insurance on all financed vehicles.

__JP__ __MCP__ Are aware of the great importance of making all post-petition mortgage payments on their home if purchasing the home.

PLAN DATED THIS __16th__ day of __September__, 2009.

/s/ Jesus Palmarin                                    /s/ Maria C. Palmerin
Debtor                                                Joint Debtor


THE LAW OFFICE OF MICHAEL J. FATTA, PLLC


/s/ Michael J. Fatta
Attorney for Debtors

7

**PLAN ANALYSIS**

Name: Jesus and Maria Palmerin               Case No: 2-09-bk- 20360-CGC

Prior: Bankruptcy ( )   Chapter 13 ( )                Date:

Estimated Length of Plan:   **60 Months**

TRUSTEE USE:
Section 341(a) Meeting Date: _____
Continued: _____
Confirmation Date: _____

**TOTAL DEBT PROVIDED FOR UNDER THE PLAN AND ADMINISTRATIVE EXPENSES**

A.  TOTAL PRIORITY CLAIMS:
    1.  Unpaid Attorney Fees .................................................................................$   2,250.00
    2.  Taxes .................................................................................................$        .00
    3.  Other .................................................................................................$
B.  TOTAL OF PAYMENTS TO CURE DEFAULTS .........................................................$  14,042.00
C.  TOTAL OF PAYMENTS ON SECURED CLAIMS ........................................................$        .00
D.  TOTAL OF PAYMENTS ON GENERAL UNSECURED CLAIMS …..................................$   2,000.00
E.  SUBTOTAL ............................................................................................ $  18,292.00
F.  TOTAL TRUSTEE'S COMPENSATION
    (10% of Debtor's Payments) ...............................................................$   1,830.00
G.  TOTAL DEBT AND ADMINISTRATIVE EXPENSES ...............................................$  20,122.00

*This treatment can change without further notice. Refer to (J)(1) of the Plan.

**CHAPTER 7 RECONCILIATION**

H.  INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED
    1.  Value of Debtor(s)' interest in
        non-exempt property .................................................................$   2,000.00
                                                                                                    .00
    2.  Plus: Value of Property Recoverable Under
        Avoiding Powers .......................................................................$        .00
    3.  Less: Estimated Chapter 7 Administrative
        Expense .................................................................................$     500.00
    4.  Less: Amounts Payable to Priority Creditors
        Other than Costs of Administration .............................................$        .00
    5.  Equals: Estimated Amount Payable to General
        Unsecured Creditors if Chapter 7 Filed ...................................$   1,500.00

I.  ESTIMATED DIVIDEND FOR GENERAL UNSECURED
    CREDITORS UNDER CHAPTER 7 .............................................................$   1,500.00

J.  ESTIMATED DIVIDEND UNDER PLAN ..................................................$   1,500.00

** IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROLS.