**LAW OFFICE OF MICHAEL J. FATTA, PLLC**
18001 North 79th Avenue, Suite B-40
Glendale, Arizona 85308
Telephone : (623) 486-0080
Facsimile : (623) 486-8225

Michael J. Fatta, (#020817)
Attorney for Debtors

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>JESUS PALMERIN and MARIA C. PALMERIN,<br><br>Debtors, | Case No. 2-09-bk-20360-CGC<br>In Chapter 13 Proceedings |
| MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS as nominee for America's Servicing Company,<br><br>Movant,<br><br>vs.<br><br>JESUS PALMERIN and MARIA PALMERIN, Debtors; Russell A. Brown, Chapter 13 Trustee,<br><br>Respondents. | **MEMORANDUM IN OPPOSITION TO MOTION FOR RELIEF FILED BY MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS** |

The debtors, JESUS PALMERIN AND MARIA PALMERIN ("Debtor" or "Mr. and Mrs. Palmerin"), files this Memorandum in Opposition to the Motion for Relief From the Automatic Stay ("Motion") filed by Mortgage Electronic Registrations Systems ("MERS" or "Movant"). The debtor's opposition is more specifically set forth below.

## ANSWER

1. Mr. and Mrs. Palmerin admit the allegations contained in Paragraphs one, two, three and four of the Motion.

2. Mr. and Mrs. Palmerin are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs five, six, seven and eight of the Motion and deny the allegations for such lack of knowledge or information.

3. Mr. and Mrs. Palmerin specifically deny any allegations not specifically admitted in this Memorandum in Opposition.

## DEFENSE

An equity cushion alone is itself generally sufficient to constitute adequate protection. *In re San Clemente Estates*, 5 B.R. 605 (Bankr. S.D. Cal. 1980); *In re Johnston*, 38 B.R. 34 (Bankr. C.D. Vt. (1983); *In re Grant* 29 B.R. 375 (Bankr. M.D. Pa.1983); *Matter of Rice*, 82 B.R. 623 (S.D. Ga. 1987). This is true even if penalties and interest are accruing because the creditor remains fully secured. *Johnson, supra.* Adequate protection is not the only criterion in making the determination as to whether there is adequate protection of a secured creditor's interest. If it were, the automatic stay would have to be vacated in almost every consumer case. This is certainly not the result contemplated by Congress or the *U.S. Bankruptcy Code*.

The debtor's home is the most valuable assets that they own. Their continued possession and use of the home is absolutely necessary for their reorganization. *United States Assoc. v. Timbers of Inwood Forest,* 484 U.S. 365, 98 L.Ed.2d 740, 108 S.Ct 626 (1988). There is a reasonable possibility of reorganization in this case in that he has substantially complied with his obligations under the bankruptcy code.

WHEREFORE, based on the foregoing, Mr. and Mrs. Palmerin respectfully request the Court:

(a) deny the relief requested by the Movant;

(b) continue the automatic stay in effect to allow the debtors time to negotiate with the Movant or to amend their schedules to provide for any shortcoming regarding the Movant.

(c) for such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED, this __23rd__ day of November, 2009.

**LAW OFFICE OF MICHAEL J. FATTA, PLLC**

 /s/ MJF (#020817)
Michael J. Fatta
Attorney for Mr. and Mrs. Palmerin

COPIES of the foregoing mailed this
21st[h] day of October, 2009, by first-class,
U.S. Mail, to:

Mark S. Bosco, Esq.
Leonard J. McDonald, Esq.
**Tiffany & Bosco, P.A.**
2525 East Camelback Road, Third Floor
Phoenix, Arizona 85016
Attorney for Movant

Mr. Russell A. Brown, Esq.
P.O. Box 33970
Phoenix, Arizona 85067-3970
Chapter 13 Trustee

 /s/ Michael J. Fatta (#020817)